UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-154-R

LINDA AGEE                                              PLAINTIFF

v.

JENNIE STUART MEDICAL CENTER and
COLONIAL LIFE & ACCIDENT INS. CO.                       DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Linda Agee ("Agee") filed a motion to compel discovery (Dkt. # 10). Defendant Colonial Life & Accident Insurance Company ("Colonial") filed, as part of its response to that motion, a motion to dismiss (Dkt. # 18). Jennie Stuart Medical Center ("Jennie Stuart") also filed a brief in opposition to Plaintiff's motion (Dkt. # 13). Plaintiff (Dkt. # 23) and Defendant (Dkt. # 24) filed replies, and this matter is now ripe for decision. For the reasons given below, Plaintiff's motion is **GRANTED** and Defendants' motions are **DENIED**.

## BACKGROUND

Plaintiff's son, Tommy Agee, was employed as a nurse at Jennie Stuart Medical Center ("Jennie Stuart") via a temporary employment agency, Sure Care, Inc. In late 2003, he was offered a full-time position at Jennie Stuart, which he began on November 3, 2003. Jennie Stuart provided voluntary group term life insurance to its employees; the policy in question here was administered by defendant Colonial. That policy contained a "waiting period" for new employees, which was "[f]or employees entering an eligible group after Employer's Original Plan Effective Date: 90 days ... unless waived as described in the Certificate of Coverage." (Exhibit C to Colonial's Motion to Dismiss, Dkt. # 18, at 1). On December 30, 2003, Mr. Agee

1

completed his enrollment in the plan. On January 19, 2004, 76 days after he began his employment with Jennie Stuart, Mr. Agee died suddenly, and Colonial denied Ms. Agee's claim under the plan on the grounds that the waiting period was still in effect.

After Colonial's denial, Ms. Agee brought the instant complaint in Christian County Circuit Court, from which it was removed on August 1, 2005. (Dkt. # 1). On September 29, 2005, Ms. Agee filed an amended complaint, in which she seeks payment under the policy "because (1) there was an effective waiver of the 90-day waiting period; (2) Tommy Agee detrimentally relied on the representations of both Colonial Life and Jennie Stewart that his life insurance would continue; AND (3) [t]he Defendants are estopped from denying coverage existed..." (Dkt. # 9, at 3). She now seeks to compel discovery in the case, to which Defendants object on grounds that the claims in this case are pre-empted by ERISA, which renders discovery inappropriate. Defendant Colonial has also filed a motion to dismiss the non-ERISA claims.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir.

2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## ANALYSIS

The first issue is to determine whether the plan in this case is an "employee benefit plan" as that term is used in ERISA. 29 U.S.C. § 1002(1). The Sixth Circuit has set forth a three-part test for making this determination:

> First, the court must apply the so-called "safe harbor" regulations established by the Department of Labor to determine whether the program was exempt from ERISA. Second, the court must look to see if there was a "plan" by inquiring whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits. Finally, the court must ask whether the employer established or maintained the plan with the intent of providing benefits to its employees.

*Thompson v. American Home Assurance Co.*, 95 F.3d 429, 434-35 (6th Cir. 1996) (internal citations and quotation marks omitted). The Court's examination of the participation agreement between Jennie Stuart and Colonial as well as the summary of benefits and the policy itself indicates that the plan in question is a plan governed by ERISA.

Because the plan is an "employee benefit plan" under ERISA, that statute's preemption clause may also apply to bar Plaintiff's claims. The preemption clause states that ERISA "...shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan..." 29 U.S.C. § 1144(a). The Supreme Court has said that ERISA's preemption clause "establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." *FMC Corp. v. Holliday*,

498 U.S. 52, 58 (1990). The Supreme Court has also said that a law "relates to" an employee benefit plan if it "has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 96-97 (1983).

Nevertheless, Sixth Circuit precedent leaves open the possibility for some cases which might, on the surface, seem to be "related to" employee benefit plans to go forward. In *Marks v. Newcourt Credit Group, Inc.*, the Sixth Circuit said that "[w]hen a party seeks to estop the application of an unambiguous plan provision, he by necessity argues that he reasonably and justifiably relied on a representation that was inconsistent with the clear terms of the plan." 342 F.3d 444, 456 (6th Cir. 2003) (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 404 (6th Cir. 1998)). In this case, Plaintiff's complaint alleges facts which could render the plan provision in question (the waiting period and potential waiver thereof) ambiguous. If, as Plaintiff asserts, Colonial did send Plaintiff a letter purporting to alter the terms of his policy and Jennie Stuart did promise Mr. Agee that his benefits would be continuous despite the waiting period typically imposed, an equitable estoppel claim could be viable. Therefore, the Court will allow discovery *limited to this issue* to go forward.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel Discovery is **GRANTED**. Defendants' Motions to Dismiss are **DENIED**, with leave to refile after discovery is completed. An appropriate order shall issue.