UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-154-R

LINDA AGEE                                                                                            PLAINTIFF

v.

JENNIE STUART MEDICAL CENTER and
COLONIAL LIFE & ACCIDENT INS. CO.                                                 DEFENDANTS

**MEMORANDUM OPINION**

Defendant Jennie Stuart Medical Center ("Jennie Stuart") filed a Motion to Dismiss (Docket #37). Defendant Colonial Life & Accident Insurance Company ("Colonial") filed a Motion to Dismiss State Law Claims (Docket #38), a Motion for Summary Judgment on Waiver and Equitable Estoppel Claims (Docket # 39), and Motion for Judgment Affirming the ERISA Benefit Denial (Docket #40). Plaintiff Linda Agee ("Agee") filed a response to Defendants' motions (Docket #43) and a Brief (Docket #36) setting forth her view of the issues. For the reasons given below, Defendant Jennie Stuart's Motion to Dismiss State Law Claims is DENIED, Defendant Colonial's Motion to Dismiss State Law Claims is GRANTED; Defendant's Motion for Summary Judgment on Waiver and Equitable Estoppel Claims is GRANTED, and Defendant's Motion for Judgment Affirming the ERISA Benefit Denial is GRANTED..

**BACKGROUND**

Plaintiff's son, Tommy Agee, was employed as a nurse at Jennie Stuart via a temporary employment agency, Sure Care, Inc. In late 2003, he was offered a full-time position at Jennie Stuart, which he began on November 3, 2003. Full-time employees of Jennie Stuart are eligible to participate in the medical center's health and life insurance plans. The Jennie Stuart health

1

insurance plan has a waiting period of ninety days. Jennie Stuart agreed to pay the cost of Mr. Agee's COBRA-mandated continuation health coverage through Sure Care until the ninety-day waiting period ended and he became covered under Jennie Stuart's health plan. The voluntary group term life insurance policy in question here was administered by defendant Colonial. That policy contained a "waiting period" for new employees, which was "[f]or employees entering an eligible group after Employer's Original Plan Effective Date: 90 days . . . unless waived as described in the Certificate of Coverage." On December 30, 2003, Mr. Agee completed his enrollment in the plan, naming his mother Ms. Agee as beneficiary of the $50,000 benefit. On January 19, 2004, seventy-six days after he began his employment with Jennie Stuart, Mr. Agee died suddenly.

On February 26, 2004, someone called Colonial, reported Mr. Agee's death, and asked that claim forms be sent to Plaintiff. On March 4, 2004, an Account Billing Specialist, Shilpa Patel, sent an email to Life Claims Specialist Dawn York, noting that the policy effective date in Colonial's computer system appeared to be incorrect. Ms. Patel believed that, based on the application date of December 30, 2003, the coverage date should have been January 7, 2004. At Ms. York's request, the coverage effective date was changed to January 7, 2004. Neither Ms. Patel or Ms. York knew that Mr. Agee was a new hire, subject to the ninety day waiting period. On March 5, 2004, as a result of the change, Colonial's computer system generated a letter to Mr. Agee, stating that the effective date of coverage was actually January 7, 2004, rather than as stated in his policy certificate.

In April 2004, Plaintiff filed a claim for the life insurance benefits. Colonial denied Plaintiff's claim under the plan on the grounds that the waiting period was still in effect. In its denial, Colonial apologized for the letter addressed to Tommy Agee dated March 5, 2004, stating that it had been sent in error.

After Colonial's denial, Plaintiff brought the instant complaint in Christian County Circuit Court, from which it was removed on August 1, 2005. On September 29, 2005, Plaintiff filed an amended complaint, in which she seeks payment under the policy "because (1) there was an effective waiver of the 90-day waiting period; (2) Tommy Agee detrimentally relied on the representations of both Colonial Life and Jennie Stewart that his life insurance would continue; AND (3) [t]he Defendants are estopped from denying coverage existed."

Plaintiff filed a motion to compel discovery on September 29, 2005. Colonial filed, as part of its response to that motion, a motion to dismiss on November 14, 2005. By order dated January 26, 2006, this Court denied the motion with leave to refile after discovery was completed. In making this ruling, the Court determined that the life insurance policy was an "employee benefit plan" governed by ERISA.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under

some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150,

165 (6th Cir. 1993).

## ANALYSIS

**I.     PREEMPTION**

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The United States Supreme Court and Sixth Circuit Court of Appeals have held that under 29 U.S.C. § 1144(b), an ERISA action preempts state law claims by beneficiaries who sue for the recovery of benefits in connection with an ERISA plan. *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 737-38 (1985); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266-67 (6th Cir. 1988); *McMahan v. New England Mut. Life Ins. Co.*, 888 F.2d 426, 428-29 (6th Cir. 1989); *Ruble v. UNUM Life Ins. Co. of Am.*, 913 F.2d 295, 297 (6th Cir. 1990); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275-76 (6th Cir. 1991). In order to determine that a state law claim is preempted by 29 U.S.C. § 1144(a), the Court must find that the claim is "related to" the recovery under the ERISA plan. In looking at whether a state law claim relates to an ERISA plan, courts should consider "the kind of relief that plaintiff's seek, and its relation to the pension plan." *Ramsey v. Formica Corp.*, 398 F.3d 421, 424 (6th Cir. 2005).

"[I]n interpreting ERISA's preemption clause, a court 'must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive.'" *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005) (quoting *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)). ERISA preempts state law claims that "(1) 'mandate employee benefit structures

or their administration;' (2) provide 'alternate enforcement mechanisms;' or (3) 'bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself.'" *Id.* (quoting *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1468 (4th Cir. 1996)).

Plaintiff asserts a claim of fraud or misrepresentation, stating that Mr. Agee would not have accepted employment with Jennie Stuart had they not represented to Mr. Agee that they were waiving the waiting period for his life insurance benefits.

In support of Plaintiff's argument that her state law claims survive ERISA's preemptive effect, Plaintiff cites to *Massachusetts Casualty Insurance Co. v. Reynolds*. In *Reynolds*, the Sixth Circuit found that a misrepresentation claim against an agent who procured insurance was not preempted by ERISA when a new policy did not provide the promised coverage. 113 F.3d 1450, 1454 (6th Cir. 1997). The court noted that this conclusion was consistent with that reached by the Fifth Circuit in *Perkins v. Time Insurance Co. Id.* In *Perkins*, the plaintiff asserted state law claims against both an insurance company and an insurance agent. 898 F.2d 470, 472 (5th Cir. 1990). The Fifth Circuit found that the claim against the insurance company was preempted by ERISA, while the claim against the agent, a claim related to the ERISA plan only indirectly, was not preempted. *Id.* at 473. Specifically the court stated:

> [W]e conclude that a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, 'relates to' that plan only indirectly. A state law claim of that genre, which does not affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries) as such, is not preempted by ERISA.

*Id.*

Plaintiff also cites to *Marks v. Newcourt Credit Group, Inc.*, to support her position. In

6

*Marks*, a former employee, whose claim under a severance plan was rejected by plan administrators, filed state law claims and an ERISA claim against his employer who he alleged had fraudulently induced him into both accepting changes to the insurance plan and working for them in the first place. 342 F.3d 444, 449-50 (6th Cir. 2003). The court determined that the plaintiff's claims for fraud and misrepresentation in as far as the employer inducing the plaintiff to *work* for the employer were not preempted, but the claims to the extent that the employer misled the plaintiff in not exercising his rights under the plan were preempted. *Id.* at 453.

This Court finds that Plaintiff's claims against Colonial, the insurance company, are preempted by ERISA as the claims "relate to" the plan. *See Perkins*, 898 F.2d at 473; *Reynolds*, 113 F.3d at 1454. However, this Court finds that Plaintiff's claim for fraud and misrepresentation as far as Jennie Stuart inducing Mr. Agee to work for Jennie Stuart are not preempted. *See Marks*, 342 F.3d at 453; *Perkins*, 898 F.2d at 473. All other state law claims are preempted by ERISA.

## II.    EQUITABLE ESTOPPEL

"[E]quitable estoppel may be a viable theory in ERISA cases." *Sprague v. GMC*, 133 F.3d 388, 403 (6th Cir. 1998). However, "[p]rinciples of estoppel . . . cannot be applied to vary the terms of unambiguous plan documents, estoppel can only be invoked in the context of ambiguous plan provisions." *Id.* at 404. Defendants argue that there was nothing ambiguous about the waiting period pertaining to new hires in the plan documents. Plaintiff contends that the ambiguity in the policy lies in whether or not Jennie Stuart waived the ninety-day waiting period.

Although Plaintiff claims there is an ambiguity as to whether the ninety-day waiting period was waived, this is not an ambiguity in the plan provisions themselves. As there is no ambiguity in the plan documents, Plaintiff cannot invoke principles of estoppel. *See id.* Sixth Circuit

7

precedent mandates this outcome even though the defendant made written statements contrary to the plan documents. *See Bronson v. Pepperidge Farm, Inc.*, No. 3:01-0547, 2002 WL 32075210 at *4 (M.D. Tenn. Aug. 20, 2002) (holding equitable estoppel claim fails as matter of law where terms of plan documents are unambiguous, despite the fact that defendant may have mistakenly made oral and written statements contrary to the plan documents) (citing *Sprague*, 133 F.3d at 404).

### III. WAIVER

Some circuits have held that waiver, like equitable estoppel, may be a viable claim under the federal common law of ERISA. *See Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 647-49 (7th Cir. 1993); *Pitts v. Am. Sec. Life Ins. Co.*, 931 F.2d 351, 357 (5th Cir. 1991); *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1448 (11th Cir. 1994); *but see White v. Provident Life & Accident Ins. Co.*, 114 F.3d 26, 29 (4th Cir. 1997), *cert. denied*, 522 U.S. 950 (1997) (stating that federal common law under ERISA does not incorporate the principles of waiver and estoppel). The Sixth Circuit has yet to address this issue. However, in *Health Cost Controls v. Wardlow*, the Western District of Kentucky, in an opinion by Judge Heyburn, recognized the application of waiver in an ERISA case. 825 F. Supp. 152, 156-57 (W.D. Ky. 1993).

Waiver is the "voluntary and intentional relinquishment or abandonment of a known existing right or privilege, which, except for such waiver would have been enjoyed." *Thomason*, 9 F.3d at 647-48 (quoting *Buffum v. Chase Nat'l Bank*, 192 F.2d 58, 60-61 (7th Cir. 1951)). Both the Seventh Circuit and the Eleventh Circuit Court of Appeals concluded that if the common law of ERISA encompasses waiver claims, it is not "something-for-nothing kind of waiver whereby [a defendant] will be held to the terms of its misleading representations for no other reason than that it made them." *Id.* at 649; *see Glass*, 33 F.3d at 1348. Thus, in order to establish a claim of waiver, the

plaintiff must demonstrate that the defendant intentionally relinquished its known rights, resulting in a detriment to the plaintiff or a benefit to the defendant. *See id.*

In *Thomason v. Aetna Life Insurance Co.*, plaintiff's late husband was insured under a group policy issued by the defendant insurance company to his employer which included life insurance and disability coverage. 9 F.3d at 646. Under the written terms of the policy, an employee would be entitled to premium-free life insurance coverage if the employee became totally and permanently disabled before the employee's sixtieth birthday. *Id.* Plaintiff's husband became totally and permanently disabled due to a stroke that occurred less than two months after his sixtieth birthday. *Id.* Although plaintiff's husband did not qualify under the written terms of the plan for extended life insurance free of premium payments, the insurance company sent him two letters erroneously stating that his life insurance policy had been extended during his total disability without cost to him. *Id.* When plaintiff's husband died several years later, plaintiff filed a claim for life insurance benefits, which was denied. *Id.* In addressing plaintiff's waiver claim based upon the misleading letters, the Seventh Circuit explained:

> The requisites to finding a valid waiver of a known right are not as well established as the requisites to finding an equitable estoppel. To find a valid expressed waiver, some courts require that the waiving party has received consideration for the waiver or that the non-waiving party has acted in reasonable reliance on the apparent waiver.

*Id.* The court noted that while some courts hold that consideration is unnecessary in the insurance context, "[e]ven in these cases, however, the waiving party has usually received some benefit, although perhaps not 'consideration,' which militates in favor of finding a valid waiver." *Id.* at 648 n.3. The plaintiff's claim failed under those standards:

> The waiver principles that plaintiff argues ought to be applied to her ERISA claims are based neither on detriment to her nor on benefit to [the insurance company]. To the extent that the common law will sometimes hold parties to the terms of a

9

misleading representation for no reason other than the circumstance that such a misleading representation was made, such is not the common law of ERISA in this Circuit.

*Id.* at 649.

Plaintiff claims that Jennie Stuart agreed to waive the waiting period as to Mr. Agee for both health and life insurance benefits. In support, Plaintiff cites the deposition testimony of herself and of Pamela Agee, Mr. Agee's ex-wife. The testimony of both Plaintiff and Pamela Agee is that Mr. Agee told them that Jennie Stuart had agreed to give him life insurance immediately, waiving his waiting period. However, under FED. R. EVID. 801(c) these statements are hearsay and, therefore, inadmissible under FED. R. EVID. 802.[1] "It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (6th Cir. 1988); *see also Daily Press, Inc. v. United Press Int'l*, 412 F.2d 126, 133 (6th Cir. 1969) (stating that hearsay evidence cannot be considered on a motion for summary judgment). Plaintiff has failed to provide any admissible evidence of Jennie Stuart's

---

[1] Plaintiff claims that these statements fall under the residual exception to hearsay under FED. R. EVID. 807. Pursuant to FED. R. EVID. 807:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

This Court finds that the Plaintiff could have procured, through reasonable efforts, evidence supporting her assertion, including deposition testimony of the Jennie Stuart employee alleged by Plaintiff to have told Mr. Agee that the ninety-day waiting period would be waived. Therefore, this Court finds that the proffered testimony does not fall under the residual exception to hearsay.

alleged waiver, hence Plaintiff's claim that Jennie Stuart waived the ninety-day waiting period fails even if the Sixth Circuit were to recognize the application of waiver in an ERISA case.

Plaintiff also claims that the March 5, 2004 letter from Colonial operated as a waiver of the waiting period for life insurance benefits. The issuance of the March 5, 2004 letter did not result in any unjust benefit to Colonial, which never received a premium payment for Mr. Agee. *Cf. Glass*, 33 F.3d at 1348 (finding that while insurance company accepted some premiums during investigation and resolution of claim for benefits, there was no evidence insurance company attempted to unjustly enrich itself at the expense of an ineligible plan participant and therefore waiver principles did not apply). Nor was there any detrimental reliance by Mr. Agee, as he was already dead by the time the letter was sent out. Plaintiff asserts that she relied on this letter to her detriment when she filled out a claim form.[2] The plaintiff in *Thomason* also filled out a claim form in reliance on letters from the defendant insurance company, which erroneously stated that the plaintiff's husband's life insurance policy had been extended during his total disability without cost to him. 9 F.3d at 646. However in *Thomason*, the Seventh Circuit found that the plaintiff had not suffered a detriment. *Id.* at 649. Relying on the *Thomason* decision, this Court finds that Plaintiff's completion of the claim form did not qualify as a detriment such as to make waiver applicable. As Plaintiff has failed to establish that Defendants received any benefit or that Plaintiff or Mr. Agee suffered any detriment in reliance on the March 5, 2004 letter, said letter can not operate as a waiver of the ninety-day waiting period even if the Sixth Circuit were to recognize the application of waiver

---

[2] In her response to Defendants' Motions, Plaintiff asserts that she filled out a claim form, hired an attorney, and agreed to pay for her son's funeral based on her belief that she was the beneficiary of his life insurance policy. However, when asked at her deposition, "Can you tell me anything, other than filling out claim forms, that you did in reliance upon the statements made in ths March, 5, 2004 letter," Plaintiff responded, "I didn't do anything."

in an ERISA case.

**IV.    ERISA BENEFIT DENIAL**

"[A] denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) must be reviewed under a *de novo* standard unless the benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms."[3] *Perry v. Simplicity Eng'g*, 900 F.2d 963, 965 (6th Cir. 1990) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 956 (1989)). Here, no party makes the argument that the plan expressly gave the plan administrator discretionary authority, nor does the Court find authority for this proposition. Therefore, this Court will review the denial of benefits *de novo*. *See id.*

The Certificate of Coverage issued to Mr. Agee clearly and unambiguously provided that life insurance coverage would become effective the day after he completed his waiting period. The waiting period was shown in the Summary of Benefits, which clearly provided for a ninety-day waiting period. Mr. Agee began working for Jennie Stuart on November 3, 2003, and died on January 19, 2004. Only seventy-six days had passed from the time that Mr. Agee began his employment and his death. Thus, according to these documents, Mr. Agee never completed his waiting period, resulting in his life insurance coverage failing to become effective. Therefore, Plaintiff would not be entitled to benefits under the plan.

Plaintiff, however, argues that the March 5, 2004 letter from to Mr. Agee from Colonial constituted an indorsement, operating to modify the policy and entitle her to benefits under the plan.

---

[3] Plaintiff's action is a challenge under 29 U.S.C. § 1132(a)(1)(B) of a denial of benefits; Plaintiff is a beneficiary of the plan seeking to recover benefits due to her under the plan. *See* 29 U.S.C. § 1132(a)(1)(B).

ERISA preempts all state laws which "relate to any employee benefit plan." 29 U.S.C. § 1144(a). That sweeping preemption is tempered by a saving clause which preserves "any law of any State which regulates insurance." 29 U.S.C. § 1144(b)(2)(A). The saving clause therefore acts to permit the enforcement of state laws which "directly control[] the terms of insurance contracts" and are "aimed at" the insurance industry. *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990). In *Health Cost Controls*, the Western District of Kentucky, in an opinion by Judge Heyburn, stated that "[t]he Kentucky insurance statutes clearly satisfy this criteria." 825 F. Supp. at 156.

KRS 304.14-360, a subsection of the Kentucky Insurance Code states:

> Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, indorsement, or application attached to and made a part of the policy.

The March 4, 2005 letter states, "This letter is to notify you that the effective date of your coverage is January 7, 2004, which is different from the date currently shown in your policy. Please attach this letter to your policy to show the correct coverage effective date." Plaintiff asserts that this letter constituted an indorsement and, therefore, its terms affect this Court's interpretation of the insurance contract. An indorsement is defined as "The placing of a signature, sometimes with an additional notation, on the back of a negotiable instrument to transfer or guarantee the instrument or to acknowledge payment." BLACK'S LAW DICTIONARY 345 (2nd pocket ed.2001). It is clear that the letter does not qualify as an indorsement.

Thus, this Court finds that Plaintiff was not covered under the terms of his life insurance contract at the time of his death. Therefore, this Court will affirm the ERISA benefit denial.

## **CONCLUSION**

For the reasons stated above, Defendant Jennie Stuart's Motion to Dismiss State Law Claims is DENIED, Defendant Colonial's Motion to Dismiss State Law Claims is GRANTED; Defendants' Motion for Summary Judgment on Waiver and Equitable Estoppel Claims is GRANTED, and Defendants' Motion for Judgment Affirming the ERISA Benefit Denial is GRANTED. An appropriate order shall issue.